```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION


UNITED STATES OF AMERICA,    )
                             )
          Plaintiff,         )
                             )
     v.                      )    No. S1-4:11CR246 CDP
                             )                  (FRB)
JAMES C. SMITH,              )
                             )
          Defendant.         )
```

**MEMORANDUM, ORDER,
REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

All pretrial motions in the above cause were referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b).  Defendant James C. Smith filed several pretrial motions.  The motions were heard before the undersigned on January 24, 2012.  Following the hearing the undersigned ordered that a written transcript of the proceedings be prepared and filed with the court.  The transcript was filed on January 30, 2012 (Docket No. 532).  The undersigned has relied upon the written transcript as well as the electronic digital recording made of the proceedings in making findings of fact set out herein.[1]

---

[1] Defendant Smith also filed a Motion To Suppress Contents Of Any And All Electronic Surveillance and a Supplement To Said Motion.  Those motions are addressed in a separate Report and Recommendation.

1.   <u>Motion To Suppress Evidence</u> (Docket No. 313)

Testimony and evidence was adduced on the defendant's motion at the hearing before the undersigned on January 24, 2012. From the testimony and evidence adduced at the hearing the undersigned makes the following findings of fact and conclusions of law.

<u>Findings Of Fact</u>

On July 8, 2011, Special Agent Charles Simpson, of the Federal Bureau of Investigation (F.B.I.) applied for and obtained a warrant to search the residence located at 1011 N. 46th Street, Philadelphia, Pennsylvania.  The application for the search warrant was made to United States Magistrate Judge Carol Sandra Moore Wells, at Philadelphia, within the Eastern District of Pennsylvania.  The application for the warrant was accompanied by a forty-five page affidavit of Agent Simpson.  The affidavit set out in detail information learned by numerous investigating agencies and officers during the investigation of an organization known as the Wheels of Soul (WOS) motorcycle gang.  The affidavit set out that a federal grand jury sitting in the Eastern District of Missouri, had returned an indictment charging eighteen members of the WOS with numerous criminal violations.  The affidavit set out that the indictment returned in the Eastern District of Missouri alleged that the defendants, including defendant James C. Smith, participated in a racketeering conspiracy and that WOS was

identified as a racketeering enterprise in the indictment. The affidavit noted that the WOS "mother chapter" or headquarters was located in Philadelphia, and that James C. Smith, was a National Vice President of WOS and that the warrant was sought for his residence. The affidavit recited from the indictment the organizational structure of WOS and the manner in which it conducted its activities. The affidavit set out that Agent Simpson knew from training and experience that members of a group such as WOS kept various described documents and items at their residence and other locations. It also noted that investigation showed that WOS members communicated with each other by means of e-mail and social media. The affidavit set out specific information relating to James Smith and his role in the organization and in various WOS meetings. The affidavit set out that a proven reliable confidential source, CS-1, had provided information that Smith carried a black satchel which contained documents relating to WOS and that Smith kept the satchel at his residence. The affidavit noted that a second proven reliable informant, CHS-1, a member of WOS, also reported that Smith carried a black computer style bag that the informant believed contained documents relating to WOS. The affidavit noted that surveillance photographs showed Smith carrying a black satchel. It was also noted that a search of the residence of another defendant named in the indictment, and the president of a local WOS chapter, had discovered numerous documents relating to

WOS and their activities.  The affidavit also set out information gained through surveillance and from other sources revealed that Smith resided at 1011 N. 46th Street, Philadelphia, Pennsylvania. (See Government's Exhibits 1 & 2 - Application and Affidavit).

Based on the information set out in the affidavit, Magistrate Judge Wells found probable cause to believe that certain described items as set out in Appendix E to the affidavit could be found on the premises at 1011 N. 46th Street, Philadelphia, Pennsylvania, and issued a warrant to search the residence for such described items.  (See Government's Exhibit 3 - Search Warrant).

On July 12, 2011, the search warrant was executed at 1011 N. 46th Street, Philadelphia, Pennsylvania and items of evidence were seized therefrom.  (See Government's Exhibit 4 - Inventory of Items seized).

### Discussion

As grounds to suppress the evidence seized from 1011 N. 46th Street on July 12, 2011, defendant Smith asserts in his motion that the affidavit submitted in support of the application for the warrant did not contain sufficient information to support the magistrate judges finding that the described items could be found on the described premises.

Search warrants to be valid must be based upon a finding by a neutral and detached judicial officer that there is probable cause to believe that evidence, instrumentalities or fruits of a

crime, contraband, or a person for whose arrest there is probable cause, may be found in the place to be searched. Johnson v. United States, 333 U.S. 10 (1948); Warden v. Hayden, 387 U.S. 294 (1967); Rule 41, Federal Rules of Criminal Procedure. The quantum of evidence needed to meet this probable cause standard has been addressed by the Supreme Court on numerous occasions. "In dealing with probable cause, . . . as the very name implies, we deal with probabilities. These are not technical; they are factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." Brinegar v. United States, 338 U.S. 160, 176 (1949). Probable cause is "a fluid concept -- turning on the assessment of probabilities in particular factual contexts -- not readily, or even usefully, reduced to a neat set of legal rules." Illinois v. Gates, 462 U.S. 213, 232 (1983). Applications and affidavits should be read with common sense and not in a grudging, hypertechnical fashion. United States v. Ventresca, 380 U.S. 102, 109 (1965). Probable cause may be found in hearsay statements from reliable persons, Gates, 462 U.S. at 245; in hearsay statements from confidential informants corroborated by independent investigation, Draper v. United States, 358 U.S. 307, 313 (1959); or in observations made by trained law enforcement officers, McDonald v. United States, 335 U.S. 451, 454 (1948). In considering information provided by an informant police must make a judgment as to the reliability of the information.

- 5 -

They may afford weight to the fact that an informant has a track record of providing reliable information in the past. Gates, 462 U.S. at 233 (1983). They may deem the information to be reliable because they have been able to verify details provided by the informant. Id. at 241-45. This is so even though the verified details may be minor and innocent in and of themselves, because an informant who is correct about some details is more likely to be correct about other, unverified details. United States v. Reivich, 793 F.2d 957, 960 (8th Cir. 1986). Information contained in applications and affidavits for search warrants must be examined in the totality of the circumstances presented. Gates, 462 U.S. at 230. Once a judicial officer has issued a warrant upon a finding of probable cause, that finding deserves great deference if there is a substantial basis for the finding. Gates, 462 U.S. at 236.

The affidavit here contained ample information to support the probable cause finding made by the magistrate judge. The affidavit described the manner and method by which WOS carried out their activities. It described James Smith's role in the organization. It described Agent Simpson's training, experience and resultant knowledge that members of organizations such as WOS kept certain kinds of documents, records and materials. Lastly the affidavit set out information from reliable informants that Smith maintained and carried such documents on his person and sometimes kept them in his home. All of this information, considered in its

totality, provided probable cause to believe the described items could be found in the described premises.

Even if the warrant were found not to be supported by adequate probable cause, the officers executing the warrant reasonably relied on the finding by the Magistrate Judge that the warrant was supported by adequate probable cause. <u>United States v. Leon</u>, 468 U.S. 897 (1984); <u>United States v. Carpenter</u>, 341 F.3d 666 (8th Cir. 2003), and for that reason their search conducted pursuant to the warrant was lawful.

Therefore, the defendant's motion should be denied.

2. <u>Defendant James C. Smith's Motion To Dismiss Count I Of The Indictment For Insufficiency And Failure To State An Offense</u> (Docket No. 316)

The defendant in his motion asserts that the allegations made in Count I are insufficient to plead a violation of 18 U.S.C. § 1962(d).

"A"n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against him which he must defend, and, second, enables him to plead an acquittal or conviction in bar to further prosecutions for the same offense." <u>Hamling v. United States</u>, 418 U.S. 87 (1974).

Count 1 of the indictment alleges a violation of 18 U.S.C. § 1962(d), commonly referred to as a RICO Conspiracy. The elements of such an offense are as follows:

One, the existence of an enterprise;

Two, the enterprise had some effect on interstate commerce;

Three, the defendant was associated with the enterprise;

Four, that two or more persons reached an agreement or came to an understanding to conduct or participate in the affairs of an enterprise, directly or indirectly, through a pattern of racketeering activity; and

Five, that the defendant voluntarily and intentionally joined in the agreement or understanding, either at the time it was first reached or at some later time while it was still in existence, and at the time the defendant joined in the agreement or understanding he specifically intended to otherwise participate in the affairs of the enterprise.
<u>See</u> Eighth Circuit Model Jury Instructions, § 6.18.1962B.

The superseding indictment (Docket No. 744) alleges one, the existence of an enterprise, ¶1; two, that the activities of the enterprise affected interstate commerce, ¶2; three, that the defendant was associated with the enterprise, ¶1; four, that nineteen named persons conspired to conduct and participate in the affairs of the enterprise, directly or indirectly, through a pattern of racketeering activity, ¶19; and that the defendant James C. Smith was one of the persons who knowingly and intentionally so conspired, ¶19.  Thus, each of the essential elements of the

offense are alleged in the indictment. Moreover, the indictment sets forth sufficient specific detail so as to permit the defendant to plead an acquittal or conviction as a bar to future prosecution.

Therefore, the defendant's motion should be denied.

3. <u>Defendant James C. Smith's Motion For Bill Of Particulars</u>
(Docket No. 318)

In his motion the defendant asks that the government be required to file a bill of particulars setting forth the following information:

1. Identification of the specific facts or allegations concerning Mr. Smith's voluntary and intentional involvement with the Agreement.

2. Identification of the specific facts or allegations that Mr. Smith specifically intended on participating in the affairs of the enterprise.

3. Identification of the specific individuals with whom Mr. Smith came to the Agreement with.

4. Identification of the specific dates for which Mr. Smith came to the Agreement.

The purpose of a bill of particulars is to apprise the defendant of the nature of the charges against him and to prevent undue surprise at trial. <u>United States v. Miller</u>, 543 F.2d 1221, 1224 (8th Cir. 1976), <u>cert. denied</u>, 429 U.S. 1108 (1977). However, a bill of particulars is not a proper vehicle by which to seek to obtain names of witnesses, evidentiary detail or the government's

theory of the case. United States v. Largent, 545 F.2d 1039 (6th Cir. 1976); United States v. Matlock, 675 F.2d 981, 986 (8th Cir. 1982). The information sought by the defendant in his motion is not appropriately a subject of a bill of particulars.

Further, as noted by the government in its response to the defendant's motion, substantial discovery has been provided to the defendant in this case. This further obviates the need for a bill of particulars. United States v. Giese, 597 F.2d 1170, 1180 (9th Cir. 1979); United States v. Kilroy, 523 F.Supp. 206, 211 (D.Wis. 1981).

The indictment in this case is sufficiently precise that it informs the defendant of the charge against him to enable him to prepare a defense, to avoid the danger of surprise at trial, and to plead his acquittal or conviction as a bar to further prosecution on the same offense. Wong Tai v. United States, 273 U.S. 77 (1927).

Therefore, the defendant's motion should be denied.

Accordingly,

**IT IS HEREBY RECOMMENDED** that defendant James C. Smith's Motion To Suppress Evidence (Docket No. 313); and Motion To Dismiss Count I Of The Indictment For Insufficiency And Failure To State An Offense (Docket No. 316) be denied.

**IT IS FURTHER ORDERED** that defendant James C. Smith's Motion For Bill Of Particulars (Docket No. 318) is denied.

The parties are advised that any written objections to these findings and determinations shall be filed not later than **October 5, 2012.** Failure to timely file objections may result in waiver of the right to appeal questions of fact. Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).

*Frederick R. Buckles*
UNITED STATES MAGISTRATE JUDGE

Dated this 24th day of September, 2012.