```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF MISSOURI
                      EASTERN DIVISION

UNITED STATES OF AMERICA,         )
                                  )
            Plaintiff,            )
                                  )
      v.                          )   No. S1-4:11CR246 CDP
                                  )                  (FRB)
JAMES C. SMITH,                   )
ANTHONY ROBINSON, and             )
CURTIS COLE,                      )
                                  )
            Defendants.           )
```

### MEMORANDUM, REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

All pretrial motions in the above cause were referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b).

Defendants James C. Smith, Anthony Robinson and Curtis Cole have each filed separate motions for severance seeking a trial separate from all other co-defendants.

Defendant Smith in his Motion For Severance (Docket No. 445) asserts as grounds for his motion first, that some evidence might be admissible against other defendants which is not admissible against him; second, that in certain audio recorded conversations other defendants make comments about and references to defendant Smith and that admission of these statements violates the rule announced by the United States in Bruton v. United States, 391 U.S. 123 (1978); third, that there are co-defendants who can offer exculpatory evidence in defendant Smith's behalf and that he will not be able to call them as witnesses at a joint trial; and

fourth, that most of the evidence expected to be offered at trial relates to other defendants and the jury will not be able to separate the evidence relating to defendant Smith from that which relates only to other defendants.

Defendant Robinson in his Motion For Severance (Docket No. 336) asserts as grounds for his motion that certain co-defendant's have exculpatory evidence to offer in his behalf and that he will not be able to call them as witnesses at a joint trial.

Defendant Cole in his Motion For Severance (Docket No. 909) asserts as grounds for his motion first, that the admission of statements of co-defendants which refer to and implicate defendant Cole violates the rule announced by the United States Supreme Court in Burton v. United States, supra; second that most of the evidence anticipated to be offered at trial relates to other defendants and that the jury will not be able to separate the evidence that relates to defendant Cole from evidence which relates only to other defendants; and third, that he and his co-defendants have different and antagonistic defenses.

These various arguments will be addressed seriatim.

1.  Admission Of Statements Of Co-Defendants

Defendants Smith and Cole claim that the government intends to offer in evidence statements made by co-defendants which tend to incriminate them, in violation of their Sixth Amendment right to confront witnesses against them. The Supreme Court in Bruton v. United States, 391 U.S. 123 (1968), held that a defendant

is deprived of his right to confront witnesses against him when the confession of a co-defendant which incriminates the defendant is admitted at trial. In Cruz v. New York, 481 U.S. 186 (1987), the Court held that this is so even when the defendant's own incriminating statement is admitted at the trial. In that same term however, the Court went on to recognize a limited exception to the rule set out in Bruton. In Richardson v. Marsh, 481 U.S. 200 (1987), the Court held that when a co-defendant's statement is redacted to eliminate any reference not only to the defendant's name, but any reference to his or her existence, then there is no violation of the confrontation clause, provided that proper limiting instructions are given. The government in the instant case proffers that they can and will redact any statements offered in evidence to fall within the narrow constraints of Marsh. Provided that they do, severance is not warranted on the basis that statements of co-defendants might be admitted at trial.

The rule announced in Bruton does not apply to statements of co-defendants admitted pursuant to the co-conspirators exception to the hearsay rule set out in Rule 801(d)(2)(E), Federal Rules of Evidence. Statements of a co-defendant properly admitted under that rule do not violate the defendant's Sixth Amendment right of confrontation. United States v. Inadi, 475 U.S. 387, 391 (1986); United States v. Reyes, 362 F.3d 536, 540-41 (8th Cir.), cert. denied, 542 U.S. 945 (2004).

2. <u>Unavailability Of Co-defendants To Testify At Trial</u>

Defendants Smith and Robinson allege that they would be prevented from calling co-defendants as witnesses if they are tried together in a joint trial with their co-defendants. In order to support a request for severance on such claims, a defendant must show 1) that he would call the co-defendant as a witness at a separate trial, 2) that the co-defendant would testify at this trial and 3) that the testimony of the co-defendant would be exculpatory. <u>United States v. Voss</u>, 787 F.2d 393, 401 (8th Cir.), <u>cert. denied</u>, 479 U.S. 888 (1986), <u>United States v. Blaylock</u>, 421 F.3d 758, 766 (8th Cir. 2005).

The defendant Smith has not identified what co-defendant(s) he would call as a witness, or that the witness would testify at a separate trial, or why the witnesses' testimony would be exculpatory. Therefore he is not entitled to a severance on this ground.

Defendant Robinson asserts in his motion that he "believes" that "certain co-defendants could and would provide exculpatory in regards to Counts 12, 13, 16 and 17 as well as overt acts 19.35 and 19.59." He further claims that "certain co-defendants could and would testify, in a separate trial, that on January 2, 2011 defendant (Robinson) could not have murdered or attempted to murder anyone because he did not have a gun on that occasion" . . . "Similarly, in regards to Counts 16 and 17, co-defendants would testify that once again, Defendant did not have a gun." As to these claims, the defendant does not identify those

co-defendants who would so testify. Nor does he state the basis for his belief that any co-defendant would so testify at a separate trial. He goes on to claim that "In regards to Overt Act 19.60, Defendants Walter Lee and Alan Hunter could testify that Defendant was not involved in the transportation of any guns as alleged in overt act 19.60." Again the defendant does not set out any evidence in support of his claim that co-defendants, Lee and Hunter would be willing to so testify at a separate trial. The defendant's mere conjecture is not sufficient to support a severance on such grounds.

   3. <u>Juror's Inability To Separate Evidence As To Each Defendant</u>

Defendants Smith and Cole each aver in their motions that most of the evidence to be offered at trial relates only to other defendants and not to them. They argue that the jury will not be able to compartmentalize the evidence and consider only the evidence that relates to them in determining their guilt or innocence. Concerns for such "spillover" effect of evidence is not grounds for severance. <u>United States v. Reeves</u>, 674 F.2d 739, 746 (8th Cir. 1982); <u>United States v. Boone</u>, 437 F.3d 829, 838 (8th Cir. 2006). Such concerns are properly addressed by cautionary instructions to the jury. <u>Id.</u> The defendants are not entitled to severance on such grounds.

   4.   <u>Co-Defendants Might Testify At Trial, Defendant Might Not</u>

Defendant Smith asserts that at a joint trial, co-defendants might elect to testify and that defendant Smith might elect not to testify and that, if this occurs, the jury might draw

adverse inferences as a result of defendant Smith's failure to testify. These assertions are entirely speculative and therefore do not serve as any basis on which to grant a separate trial. Further, should such circumstances arise, the Court may give cautionary instructions to the jury regarding its consideration of the evidence as to each defendant and that no inference may be drawn from the defendant's failure to testify. See e.g., Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit, Rev. Ed. 2007 §§2.14, and 4.01; United States v. Robinson, 774 F.2d 261, 266 (8th Cir. 1985); United States v. Hodges, 502 F.2d 586, 587 (5th Cir. 1974).

    5.    <u>Antagonistic Defenses</u>

Defendant Cole asserts in his motion that the various co-defendants may have antagonistic defenses. In <u>Zafiro v. United States</u>, 506 U.S. 534, 538 (1993), the Supreme Court held that the joint trial of defendants with mutually antagonistic or irreconcilable differences is not prejudicial <u>per se</u>. Hostility or finger pointing among defendants is not enough to require separate trials. <u>Id.</u> at 540. "The mere fact that one defendant tries to shift blame to another defendant does not mandate separate trials." <u>United States v. Johnson</u>, 944 F.2d 396, 403 (8th Cir.), <u>cert denied</u>, 502 U.S. 1008 (1991). Severance is required only when "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." <u>Id.</u> at 539. "'Antagonistic' defenses require severance only when there is

a danger that the jury will unjustifiably infer that <u>this conflict alone demonstrates that both are guilty</u>". <u>United States v. Sandstrom</u>, 594 F.3d 634, 644 (8th Cir. 2010) (emphasis in original), quoting <u>United States v. Delpit</u>, 94 F.3d 1134, 1143 (8th Cir. 1996). A joint trial gives the jury the best perspective on all of the evidence and therefore increases the likelihood of a correct outcome. <u>United States v. Darden</u>, 70 F.3d 1507, 1528 (8th Cir. 1995), <u>cert. denied</u>, 517 U.S. 1449 (1996). A defendant bears a heavy burden in demonstrating that he is entitled to a severance based on irreconcilable or antagonistic defenses. <u>Sandstrom</u>, <u>supra</u> at 644. Defendant Cole has not met that burden here. He is not entitled to severance on such grounds.

<u>Conclusion</u>

For all of the above reasons the motions of Smith, Robinson and Cole for Severance (Docket Nos. 445, 336 and 909) should be denied.

Accordingly,

**IT IS HEREBY RECOMMENDED** that Defendant James C. Smith's Motion For Severance (Docket No. 445); Defendant Anthony Robinson's Motion To Sever Defendants (Docket No. 336); and Motion For Severance Of Curtis Cole (Docket No. 909) be denied.

The parties are advised that any written objections to these findings and determinations shall be filed not later than **October 5, 2012.** Failure to timely file objections may result in

waiver of the right to appeal questions of fact. Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).

/s/ Frederick R. Buckles
UNITED STATES MAGISTRATE JUDGE

Dated this 24th day of September, 2012.